# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
JENINE GAIL FUGATE,           *
                              *
              Petitioner,     *
                              *
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
                              *
* * * * * * * * * * * * * * * * * * * *
```

No. 15-703V

Special Master Christian J. Moran

Filed: March 8, 2017

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for
Petitioner;
Linda S. Renzi, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Jenine Gail
Fugate filed a motion for attorneys' fees and costs. Ms. Fugate is awarded
**$22,828.02.**

\*     \*     \*

Ms. Fugate alleged that the influenza vaccine she received caused her to
suffer injuries to her left shoulder ("SIRVA"). Ms. Fugate was awarded
compensation based on the parties' stipulation. Decision, filed June 29, 2016,

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services), requires that the Court post this decision on its website.
Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of
medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any
redactions ordered by the special master will appear in the document posted on the website.

2016 WL 3960455.  With the merits of Ms. Fugate's case resolved, the parties turned to the issue of attorneys' fees and costs.

On January 3, 2017, Ms. Fugate filed the pending motion for attorneys' fees and costs.  Ms. Fugate requested $21,875.00 in attorneys' fees and $958.02 in attorneys' costs.  On January 6, 2017, the Secretary filed a response to Ms. Fugate's application.  The Secretary did not provide any specific objections and suggested that the undersigned "exercise his discretion" when determining what amount constitutes a reasonable award of attorneys' fees and costs. Resp't's Resp., filed Jan. 6, 2017, at 3.

This matter is now ripe for adjudication.

\*       \*       \*

Because Ms. Fugate received compensation, she is entitled to an award of reasonable attorneys' fees by right.  42 U.S.C. §300aa-15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the feed award based on specific findings.  Id. at 1348.

\*       \*       \*

Ms. Fugate requests compensation for her attorney, Ms. Leah V. Durant.  For work in this case, Ms. Durant charged $350 per hour and her paralegal charged $140 per hour.  These rates have been found reasonable.  Dipietro v. Sec'y of Health & Human Servs., 15-742V, 2016 WL 7384131, at \*4-6 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (establishing Ms. Durant's reasonable hourly rates within the Vaccine Program), McCloud v. Sec'y of Health & Human Servs., 16-719V, 2016 WL 8077694, at \*1 (Fed. Cl. Spec. Mstr. Dec. 23, 2016).  These rates reflect her experience and are consistent with the McCulloch rate matrix.  See generally McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at \*17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), reconsideration denied, No. 09-293V, 2015 WL 6181910 (Fed. CL. Spec. Mstr. Sept. 21, 2015).  The Secretary did not

directly challenge any of the requested rates as unreasonable.  These proposed rates accepted as reasonable.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  All aspects of the application for attorneys' fees appear reasonable.

In addition to seeking an award for attorneys' fees, Ms. Fugate seeks compensation for costs expended.  All of the costs are adequately documented and most appear reasonable.  However, it is not reasonable for the Vaccine program to compensate attorneys for costs that are attributed to late fees.  See Pet'rs' Costs, filed Jan. 3, 2017, at 3.  Consequently, Ms. Fugate is awarded all attorneys' costs, except for those associated with a late fee.

\*       \*       \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $22,828.02 ($21,875.00 in fees and $953.02 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. Pursuant to General Order No. 9, Ms. Fugate has not personally incurred any costs in pursuit of this litigation.  The undersigned GRANTS the petitioner's motion and awards $22,828.02 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $22,828.02, in the form of a check made payable to petitioner and petitioner's attorney, Leah V. Durant, of the Law Offices of Leah V. Durant, PLLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.